RON BENDER (SBN 143364)
MONICA Y. KIM (SBN 180139)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: rb@lnbyg.com; myk@lnbyg.com; kjm@lnbyg.com

Proposed Attorneys for Chapter 11 Debtor and Debtor in Possession



FILED & ENTERED

JAN 28 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>CARE FOR THE ELDERLY, INC.,<br><br>Debtor and Debtor in Possession. | Case No.: 2:26-bk-10221-BR<br><br>Chapter 11<br><br>**INTERIM ORDER: (I) AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION; (III) SCHEDULING A FINAL HEARING; AND (IV) GRANTING RELATED RELIEF**<br><br>Date:    January 20, 2026<br>Time:    10:00 a.m.<br>Place:    Courtroom 1668<br>            255 E. Temple St.<br>            Los Angeles, CA |

An interim hearing ("Interim Hearing")[1] was held on January 20, 2026, at 10:00 a.m. before the Honorable Barry Russell, in Courtroom 1668 located at 255 E. Temple St., Los Angeles, CA, for the Court to consider the motion ("Motion") brought, pursuant to Local Bankruptcy Rule 2081-1, and 11 U.S.C. §§ 105(a), 361 and 363, by Care For The Elderly, Inc., the chapter 11 debtor and debtor in possession in the above-captioned, chapter 11 bankruptcy case ("Debtor"), on an emergency basis, for the entry of an interim order

---

[1] All capitalized terms used herein which are not otherwise defined shall have the meanings given in the Motion.

("Interim Order") and for the entry of a final order ("Final Order" and with the Interim Order, the "Financing Orders") following a final hearing on the Motion, which provide for, among other things:

      (a)     authorization for the Debtor's use of cash collateral, as such term is defined in 11 U.S.C. § 363(a), in accordance with the Debtor's 4-week cash flow forecast ("Budget"), which set forth all projected cash receipts and cash disbursements following the Petition Date, subject to the "Permitted Variance" (as defined below), a true and correct copy of which is attached as **Exhibit 2** to the Omnibus Declaration, and all future budgets, and in accordance with the terms and conditions set forth in the Financing Orders, as applicable;

      (b)     the grant of adequate protection to the "Secured Creditors" (as defined below) on account of the Debtor's use of cash collateral as defined in 11 U.S.C. § 363(a), in the form of (x) valid, enforceable, non-avoidable and fully perfected replacement liens on, and security interests in, the assets of the Debtor other than avoidance action claims under Chapter 5 of the Bankruptcy Code and any recoveries thereon ("Avoidance Actions") with the same extent, validity and priority as their respective pre-petition liens on pre-petition collateral and all post-petition proceeds obtained by the Debtor from such pre-petition collateral, and (y) super-priority administrative expense priority claims solely against the Debtor's estate against which the Secured Creditors may be determined to have allowed secured claims, with priority over any and all administrative expenses and claims asserted against such estates pursuant to Section 507(b) of the Bankruptcy Code to the extent of any post-petition diminution in value in the Secured Creditors' respective interests in the Debtor's pre-petition collateral (the "Adequate Protection Liens");

      (c)     instructing and ordering all banks holding or in possession of the Debtor's funds to immediately release such funds to the Debtor to enable the Debtor to transfer and deposit such funds into its debtor in possession bank accounts[2];

      (d)     pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the scheduling of an interim hearing (the "Interim Hearing") on the Motion for this Court to consider entry of the Interim Order;

---

[2] Concurrently herewith, the Debtors have also filed an emergency motion seeking relief with respect to their pre-petition cash management system.

(e)      the scheduling of a final hearing (the "Final Hearing") on the Motion no later than the twenty-first (21st) day following the entry of the Interim Order to consider entry of a Final Order granting the relief requested in the Motion on a final basis; and

(f)      waiver of any applicable stay (including under Bankruptcy Rule 6004) and provision for immediate effectiveness of the Interim Order.

Due and appropriate notice of the Motion and the Interim Hearing under the circumstances and the relief requested therein having been given and an Interim Hearing on the Motion having been held; and upon the entire record made at the Interim Hearing; and this Court having found good and sufficient cause appearing therefor;

**IT IS HEREBY FOUND:**

A.      The Debtor has requested immediate entry of this Interim Order pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2).  Absent granting the interim relief set forth in this Order, the Debtor's estate will be immediately and irreparably harmed.  Good cause has been shown for the entry of this Order.

B.      On January 11, 2026, the Debtor filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtor elected to conduct its case under subchapter V of the Bankruptcy Code as a "small business debtor."

C.      This Court has jurisdiction over the Debtor's case and the Motion under 28 U.S.C. §§ 157(b) and 1334, this matter is a core proceeding under 28 U.S.C. § 157(b)(2), venue is proper under 28 U.S.C. §§ 1408 and 1409, and the Court has authority to enter this Interim Order consistent with Article III of the United States Constitution.

D.      Immediate, urgent and ongoing needs exist for the Debtor to obtain use of cash collateral in the manner and sequence set forth in the Motion to operate its Facility, business and reorganize under chapter 11 of the Bankruptcy Code.

E.      Sufficient and adequate notice of the Motion and entry of this Interim Order has been given under Bankruptcy Code section 364 and Bankruptcy Rules 2002 and 4001, such that no other or further notice of the Motion or entry of this Interim Order is needed.

D.        Entry of this Interim Order is in the best interests of the Debtor's estate and its various stakeholders because it will, *inter alia*, allow the Debtor to continue to operate and reorganize under chapter 11 of the Bankruptcy Code chapter 11.

Based upon the foregoing findings and conclusions, and upon the record made before this Court at the Hearing, and good and sufficient cause appearing therefor, **IT IS HEREBY ORDERED, DETERMINED AND DECREED that:**

A.        Motion Granted On Interim Basis.

1.        The Motion is granted on the terms and conditions set forth in this Interim Order, with all findings made by the Court as set forth herein and/or on the record at the Interim Hearing incorporated herein by reference. Any objections to the Motion that have not previously been withdrawn or resolved are hereby overruled. This Interim Order shall be valid and binding on all parties-in-interest and fully effective immediately upon entry. All capitalized terms used herein which are not otherwise defined shall have the meanings given in the Motion.

B.        Use of Cash Collateral/Adequate Protection.

1.        Subject to the Budget and any and all future budgets filed by the Debtor[3], including the Permitted Variance, the Debtor, on behalf of its estate, is hereby authorized to use cash collateral in accordance with the terms of this Interim Order through and including March 10, 2026, in the manner set forth in the Motion.  The Debtor is authorized to pay all of its projected expenses set forth in the Budget and any and all future budgets filed by the Debtor, and to deviate from such budgets, without the need for any further Court order, by an allowed cumulative variance of up to 15% of the budgets, with any unused amounts from the budgets for any given week or month to carry over to the following weeks' and/or months' expenditures) ("Permitted Variance").

2.        As adequate protection for the Debtor's use of cash collateral, all of the Secured Creditors shall be granted the Adequate Protection Liens, as defined and described above.

---

[3] Since the Budget attached to the Motion covers through February 8, 2026, the Debtor will file a further budget for the period after February 8, 2026 through the Final Hearing or thereafter prior to February 8, 2026.

4

3.      For the avoidance of doubt, nothing in this Interim Order shall constitute a finding or conclusion that Mr. Schmukler holds any security interest or lien in the Debtor's property or any property of the estate or that any claim Mr. Schmukler may hold is valid and enforceable under Bankruptcy Code Section 502.  Mr. Schmukler shall not be entitled to any Adequate Protection Liens or administrative expense claims on account of any purported liens or security interests unless the Court determines that Mr. Schmukler holds valid and perfected security interests in property of the Debtor or of the estate.

4.      All banks holding or in possession of the Debtor's funds are hereby instructed and ordered to immediately release such funds to the Debtor to enable the Debtor to transfer and deposit such funds into their respective debtor in possession bank accounts.

C.      Miscellaneous.

1.      Each stipulation, admission and agreement contained in this Interim Order shall be binding upon the Debtor, and any successor thereto (including, without limitation, any chapter 7 trustee or any chapter 11 trustee appointed or elected for the Debtor) under all circumstances and for all purposes existing as of the date hereof.

2.      This Interim Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable immediately upon entry hereof. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062 or 9024, any other Bankruptcy Rule or Rule 62(a) of the Federal Rules of Civil Procedure, the Interim Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of the Interim Order.

3.      To the extent any provisions in this Interim Order conflict with any provisions of the Motion, the provisions of this Interim Order shall control.

D.      Final Hearing.

1.      The Final Hearing on the Motion to consider entry of a Final Order authorizing the Debtor's use of cash collateral on a final basis shall be held on **March 10, 2026 at 10:00 a.m.** (Pacific Standard Time) before this Court.

2.      Any party-in-interest objecting to the relief sought at the Final Hearing shall serve and file written objections, which objections shall be served upon (i) counsel to the Debtor, Levene, Neale, Bender, Yoo

& Golubchik L.L.P., 2818 La Cienega Ave., Los Angeles, CA 90034, Attn: Ron Bender, Esq., (ii) Subchapter V trustee appointed in the case, (iii) the Office of the U.S. Trustee for the Central District of California, and (iv) parties required by Bankruptcy Rule 2002(a) and shall be filed with the Clerk of the United States Bankruptcy Court, Central District of California, in each case to allow actual receipt by the foregoing no later than February 24, 2026 at 4:00 p.m., prevailing Pacific Standard time.

"**IT IS SO ORDERED**."

###

Date: January 28, 2026

Barry Russell
United States Bankruptcy Judge

6