RON BENDER (SBN 143364)
BETH ANN R. YOUNG (SBN 143945)
MONICA Y. KIM (SBN 180139)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: rb@lnbyg.com; bry@lnbyg.com; myk@lnbyg.com; kjm@lnbyg.com

Attorneys for Chapter 11 Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>CARE FOR THE ELDERLY, INC.,<br><br>Debtor and Debtor in Possession. | Case No.: 2:26-bk-10221-BR<br><br>Chapter 11 Case<br><br>**NOTICE OF MOTION AND MOTION FOR ENTRY OF ORDER: (1) DISMISSING THIS CHAPTER 11 CASE; (2) AUTHORIZING AND DIRECTING THE PAYMENT OF ALL UNDISPUTED AND LIQUIDATED CLAIMS; AND (3) GRANTING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELLIOT ZEMEL IN SUPPORT THEREOF**<br><br>Hearing<br>Date:     June 2, 2026<br>Time:    9:30 a.m.<br>Place:    Courtroom 1668<br>            255 E. Temple St.<br>            Los Angeles, CA |

1

**TABLE OF CONTENTS**

**MEMORANDUM OF POINTS AND AUTHORITIES** ................................................. 5

**I.     STATEMENT OF FACTS** ...................................................................................... 5

    **A.     Case Background** ........................................................................................ 5

    **B.     Analysis Of The Debtor's Available Cash And Proposed
Distributions** ............................................................................................... 7

**II.    DISCUSSION** ...................................................................................................... 10

    **A.     The Court Should Dismiss This Case And Authorize The
Distribution Of Available Cash.** ............................................................ 10

        **1.     Applicable Law.** ........................................................................... 10

        **2.     Dismissal of the Case is in the Best Interest of
Creditors, the Estate and the Debtor.** ........................................ 11

**III. CONCLUSION** ..................................................................................................... 13

**DECLARATION OF ELLIOT ZEMEL** ....................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Czyzewski v. Jevic Holding Corp.*,
    137 S. Ct. 973 (2017) ...................................................................................... 12

*In re Evans*,
    2002 WL 33939733 (Bankr. D. Idaho 2002) .............................................. 11

*In re Kimble*,
    96 B.R. 305 (Bankr. D. Mont. 1988) ........................................................... 11

*In re Mechanical Maintenance, Inc.*,
    128 B.R. 382 (E.D. Pa. 1991) ....................................................................... 11

*Pioneer Liquidating Corp. v. United States Trustee (In re Consolidated
    Pioneer Mortgage Entities)*,
    248 B.R. 368 (9th Cir. BAP 2000)............................................................... 11

*In re Staff Investment Co.*,
    146 B.R. 256 (Bankr. E.D. Cal. 1993) ......................................................... 11

**Federal Statutes**

11 U.S.C.
    § 102(3) ............................................................................................................. 11
    § 349(b) ............................................................................................................. 12
    § 1112(b) ........................................................................................................... 10

ii

**PLEASE TAKE NOTICE** that a hearing will be held on June 2, 2026 at 9:30 a.m., before the Honorable Barry Russell, United States Bankruptcy Judge for the Central District of California – Los Angeles Division, in Courtroom "1668" located at 255 E. Temple St., Los Angeles, California for the Court to consider the motion ("Motion") filed by Care for the Elderly, Inc., the debtor and debtor-in-possession in the above-captioned chapter 11 bankruptcy case (the "Debtor"), for the entry of order: (1) dismissing this chapter 11 case; (2) authorizing and directing the payment of all claims as provided herein; and (3) granting related relief.

The Debtor is primarily engaged in the business of owning and operating a skilled nursing facility known as Grand Park Convalescent Hospital (the "Facility"), located at 2312 West 8th Street, Los Angeles, California (the "Real Property"), which provides 24 hour, 7 days a week and 365 days a year care to all of its resident patients who reside at the Facility. The Debtor does not own the Real Property upon which its Facility is located. The Debtor is a party to a written lease agreement dated November 15, 1994, as amended (the "Facility Lease"), pursuant to which the Debtor leases the Real Property. Rachel Gindi (the "Alleged Lessor"), the purported Trustee of the JRG Trust #219 (which is the named lessor under the Facility Lease) (the "Gindi Trust"), has alleged in her trustee capacity that she is the lessor of the Real Property under the Facility Lease.

The Debtor filed this bankruptcy case in order to stay an unlawful detainer proceeding pending in the Los Angeles Superior Court ( the "State Court Action"), in which the Gindi Trust was clearly seeking to obtain a highly disputed judgment for possession of the Real Property and efforts by the Gindi Trust to divest the Debtor of possession of the Real Property, the Facility and the Debtor's personal property assets. The primary issue to be determined in the State Court Action is whether the Facility Lease has expired by its terms and is therefore terminated as is argued by the Landlord, or whether the Facility Lease was extended by agreement of the parties through March 2033, as is argued by the Debtor (the "Dispute"). Trial in the State Court Action is set for August 3, 2026.

At the outset of this case, the Gindi Trust filed a motion for relief from the automatic stay so that it could continue its prosecution of the State Court Action against the Debtor. The

2

Debtor opposed the relief from stay motion, and filed an adversary proceeding against the Gindi Trust seeking, among other things, an adjudication of the parties' Dispute as a core issue central to the Debtor's ability to reorganize.  However, not persuaded, this Court granted relief from the automatic stay to the Gindi Trust to proceed in the State Court Action to determine the status of the lease extension, but not to enforce any potential judgment unless and until seeking further relief from the automatic stay for that purpose.

Given these events, and the costs associated with operating and administering a chapter 11 case, coupled with the delay in any resolution because of the continuance of the trial in the State Court Action to August 2026 following entry of an order granting relief from stay, the Debtor has determined that it would be in the best interests of the estate and its creditors for the Debtor to pay all undisputed claims in full now and dismiss its bankruptcy case, and address any still pending disputes between the Debtor and the Gindi Trust in the State Court Action.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Rule 9013-1(f), any opposition to this Motion must (1) be in writing and include all reasons and evidence in support of the opposition and (2) be filed with the Clerk of the United States Bankruptcy Court and served upon the United States Trustee, as well as counsel for the Debtor, at the address located in the upper left-hand corner of the first page of this Notice of Motion and Motion, by no later than fourteen (14) days before the hearing on the Motion.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Rule 9013-1(h), the Court may deem the failure of any party to file a timely opposition to this Motion to constitute consent to the granting of this Motion and the relief requested herein.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order:

(1)    granting the Motion;

(2)    affirming the adequacy of the notice given;

(3)    authorizing and directing the Debtor to pay all liquidated, undisputed claims against the estate;

(4)    dismissing this bankruptcy case; and

(5)    granting such other and further relief as the Court deems just and proper.

3

Dated:  May 12, 2026                    CARE FOR THE ELDERLY, INC.

By: ___*/s/ Krikor J. Meshefejian*_____
        RON BENDER
        MONICA Y. KIM
        KRIKOR J. MESHEFEJIAN
        LEVENE, NEALE, BENDER, YOO
            & GOLUBCHIK L.L.P.
        Attorneys for Debtor and Debtor in Possession

4

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF FACTS

**A. Case Background**

1.    Care For The Elderly, Inc. (the "Debtor" or "CFTE") filed a voluntary petition under chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") on January 11, 2026. The Debtor elected to conduct its case under subchapter V of the Bankruptcy Code as a "small business debtor."

2.    The Debtor is primarily engaged in the business of owning and operating a skilled nursing facility known as Grand Park Convalescent Hospital (the "Facility"), located at 2312 West 8th Street, Los Angeles, California (the "Real Property"), which provides 24 hour, 7 days a week and 365 days a year care to all of its resident patients who reside at the Facility.

3.    The Debtor does not own the Real Property upon which its Facility is located. The Debtor is a party to a written lease agreement dated November 15, 1994, as amended (the "Facility Lease"), pursuant to which the Debtor leases the Real Property.  Rachel Gindi (the "Alleged Lessor"), the purported Trustee of the JRG Trust #219 (which is the named lessor under the Facility Lease) (the "Gindi Trust"), has alleged in her trustee capacity that she is the lessor of the Real Property under the Facility Lease. The Debtor disputes this allegation, and there are a number of disputes pending between the Debtor and the Alleged Lessor regarding the Facility Lease.

4.    As of the Petition Date, the Facility, which is licensed by the California Department of Public Health for 151 beds, was fully occupied by residents.  The Debtor generates annual revenue of approximately $25 million.

5.    The Debtor's Facility is licensed by the California Department of Public Health. The Debtor is 100% owned by Barry Kohn and has been operating the Facility for more than thirty years.  The Debtor has received very strong support from the CDPH for its exemplar care and dedication to its residents.

6.      The Debtor's primary assets are comprised of the Debtor's leasehold interest in and to the Real Property and the Facility, the Debtor's Medicare Provider Agreement, goodwill associated with its longstanding relationship with the California Department of Public Health and the surrounding Korean community it serves, the Debtor's accounts receivable – a combination of receivables payable under MediCal, Medicaid, and Medicare and from HMO/insurance and private payors – currently totaling in excess of approximately $3.8 million, the Debtor's claims and causes of action against the Alleged Lessor and related parties for, *inter alia*, interference with Debtor's use, occupancy and quiet enjoyment of the Real Property, and the Debtor's operating cash and fixed assets including furniture and equipment, the values of which fluctuate daily, rapidly and greatly.

7.      The Debtor's liabilities are comprised primarily of: (a) secured debt obligations owed to the United States Small Business Administration ("SBA"), in the current approximate amount of $44,000; and (b) unsecured debt obligations owed to the Gindi Trust, various vendors, service providers, and state agencies as of the Petition Date (some of which may be disputed).

8.      This bankruptcy filing was required because of the Gindi Trust's efforts to evict the Debtor from the Facility in breach of its agreement and apparent efforts to unlawfully take over the Debtor's entire business and assets. The Debtor's concern was that, if successful, the Gindi Trust's actions would amount to a hostile takeover by an unsecured creditor of the Debtor's business operations, assets and cash, displacement of the resident patients, the inability of the Debtor to continue to care for its resident patients, and the inability of the Debtor to pay its debts.

9.      At the outset of this case, the Gindi Trust filed a motion for relief from the automatic stay so that it could continue its prosecution of the unlawful detainer action against the Debtor.  The Debtor opposed the relief from stay motion, filed an adversary proceeding against the Gindi Trust seeking, among other things, an adjudication of the parties' respective rights to and under the Facility Lease, and sought to persuade this Court that this Court should adjudicate the parties' disputes and determine whether and to what extent the Facility Lease

remained intact or had expired/terminated. This Court granted relief from the automatic stay to the Gindi Trust to proceed in the unlawful detainer proceeding to attempt to obtain a judgment of possession. A trial in the unlawful detainer proceeding was originally scheduled for April 13, 2026, but the state court, on its own, has continued the trial to August 2026.

10. Given these events and the costs associated with operating and administering a chapter 11 case, the entry of the order granting the Gindi Trust stay relief to attempt to obtain a judgment for possession, and the delay in the state court unlawful detainer trial, the Debtor has determined that it would be in the best interests of the estate and its creditors for the Debtor to pay all undisputed claims in full now and dismiss its bankruptcy case, and address any disputes between the Debtor and the Gindi Trust in the state court proceedings pending between the Debtor and the Gindi Trust.

**B. Analysis Of The Debtor's Available Cash And Proposed Distributions**

11. The Debtor is operating at a profit and has sufficient cash flow to satisfy all of its obligations, as follows:

| Cash On Hand | |
|---|---|
| Current Available Cash | $3,895,190 |
| Additional cash to be contributed by Barry Kohn | $1,559,081.03 |
| | |
| **Post-Petition Obligations** | |
| UST Quarterly Fees | ($0.00)[1] |
| Projected Subchapter V Trustee Fees and Expenses | ($15,000) (estimated) |
| Projected Unpaid Fees and Expenses of Levene, Neale, Bender, Yoo & Golubchik L.L.P. through June 30, 2026 (Bankruptcy Counsel) | ($250,000) |
| Projected Unpaid Fees and Expenses of Hooper, Lundy & Bookman, P.C. through June 30, 2026 (Special Counsel) | ($400,000) |

---

[1] This case is a Subchapter V case and quarterly fees are not required to be paid to the United States Trustee.

| | |
|---|---|
| Projected Unpaid Fees and Expenses of OR Capital Group through June 30, 2026 (Financial Advisor) | ($75,000) |
| Projected Unpaid Post-Petition Administrative Expense Claims (not including the above-referenced professionals' fees and expenses) | ($850,000) |
| **Secured Claim of U.S. Small Business Administration** | Total claim amount asserted by the U.S. Small Business Administration equals $26,351.16.The Debtor is current with its monthly debt service payments to the U.S. Small Business Administration and will continue to pay its monthly debt service obligations to the SBA in the ordinary course of business. |
| **Claims of Yehuda Schmukler** | N/A |
| **Pre-petition and Post-petition Rent Due to the Gindi Trust** | $2,180,532.26 |
| **Claims other than the Claims listed above**[2] | The Debtor scheduled claims totaling $3,031,931.00, not including the claims of the Gindi Trust and the U.S. Small Business Administration.  The Debtor is in the process of reconciling scheduled claims with filed proofs of claim, as well as updating its own books and records to reflect updated information pertaining to claims scheduled by the Debtor.  The Debtor proposes to pay liquidated, undisputed claims in accordance with the Distribution Chart attached as **Exhibit 1** which sets forth a total of $1,683,738.77 of proposed distributions to claimants other than the claimants listed above. |

---

[2] The Distribution Chart attached as **Exhibit 1** to this Motion lists all claims scheduled by the Debtor and all proofs of claim filed in the Debtor's case, and includes a column titled "Proposed Distribution."    A number of claims asserted against the Debtor are unliquidated, to be determined, or estimated by claimants.  All such claims will be paid upon liquidation in accordance with applicable nonbankruptcy law.

| TOTAL DISTRIBUTIONS PROPOSED TO BE MADE (PROJECTED) | $5,454,271.03 |
|---|---|

The Court should approve the distribution of cash in accordance with the chart attached as **Exhibit 1** to this Motion (the "Distribution Chart"). Any unliquidated claims against the Debtor may be liquidated by claimants asserting such claims under applicable nonbankruptcy law after the dismissal of the bankruptcy case and any claimants asserting any unliquidated or disputed claims against the Debtor will be able to liquidate and/or enforce their claims against the Debtor after dismissal of the case in the ordinary course of business, under applicable state law.

With respect to the Gindi Trust's claims, the Debtor proposes to reserve sufficient funds to pay any and all rent claims allowed in the state court proceedings. Based on the Debtor's analysis, the Gindi Trust's rent claims are comprised of $880,532.26 of "Base Rent" claims and $1,300,000 of "Additional Rent" claims, for total rent claims of $2,180,532.26. The Debtor's calculation of "Base Rent" is in accord with the Gindi Trust's calculations set forth in Proof of Claim No. 13 filed by the Gindi Trust. The Debtor's "Additional Rent" calculation of $1,300,000 is based on the fact that the Debtor made total profit distributions of $2.6 million in 2025, of which 50% is to be paid as "Additional Rent" under the Facility Lease. Attached as **Exhibit 2** to this Motion is the Debtor's Base Rent and Additional Rent calculation.

The Gindi Trust's Proof of Claim No. 13 appears to provide that the Gindi Trust asserts "Base Rent" and "Additional Rent" claims totaling approximately $3,922,889.78. To the extent the Debtor and the Gindi Trust are unable to agree on an appropriate amount or reserve, the Debtor requests that the Court's order dismissing this case authorize the Debtor to pay the sum of $2,180,532.26 to the Gindi Trust. Additionally, the Debtor will continue to make rent payments to the Gindi Trust in accordance with the Facility Lease.

Notably, the Debtor has been attempting to make Base Rent payments to the Gindi Trust and has issued Base Rent payments to the Gindi Trust, but the Gindi Trust has refused to deposit such payments and has returned the payments that the Debtor has made to the Gindi Trust. The

Debtor did not file this bankruptcy case to avoid paying rent to the Gindi Trust, has attempted to pay Base Rent, and is prepared to pay the undisputed portion of the Gindi Trust's rent claims. Any remaining disputes between the Debtor and the Gindi Trust regarding the Gindi Trust's rent claims will be addressed in the State Court after the dismissal of this bankruptcy case in accordance with applicable state law.

Continuing the Chapter 11 process in light of the fact that the state court will adjudicate the unlawful detainer proceeding, but will not do so until August 2026, would only lead to further delay in paying claims as well as added, unnecessary expense for the estate. Additionally, dismissal, as opposed to conversion, is in the best interest of creditors because dismissal will result in the payment (or the provision for payment) in full of all liquidated claims against the estate.

To the extent that any creditor, including the Gindi Trust, dispute the Debtor's proposed distributions, their rights to seek relief under applicable state law in state court are fully preserved and nothing set forth herein shall preclude any such creditor from seeking additional payment on account of any unpaid claim under applicable state law in a court of competent jurisdiction after dismissal of the case.

## II.    DISCUSSION

**A.    The Court Should Dismiss This Case And Authorize The Distribution Of Available Cash.**

**1.    Applicable Law.**

Section 1112(b) provides, in relevant part, as follows:

> (b)(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b).

10

Section 1112(b)(4) contains 16 examples of what constitutes "cause."  Notably, the 16 examples of "cause" for dismissal set forth in the Bankruptcy Code generally relate to bad acts by a debtor.  This is not surprising because dismissal is usually seen as the ultimate penalty when a debtor fails to proceed as required by the Bankruptcy Code and Bankruptcy Rules.  *See In re Kimble*, 96 B.R. 305, 307 (Bankr. D. Mont. 1988).  The foregoing examples of "cause" for dismissal are not exclusive and "'[a] court may consider other factors as they arise and may 'use its equitable powers to reach an appropriate result in individual cases.'"  *In re Mechanical Maintenance, Inc.*, 128 B.R. 382, 386 (E.D. Pa. 1991) (*quoting* S.Rep No. 989, 95th Cong., 2d Sess. 117, reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 5903); *see also* 11 U.S.C. § 102(3).

Once it is determined that "cause" exists, the Court must determine whether to convert or dismiss the case based on what is in the best interests of creditors and the estate.  *In re Staff Investment Co.*, 146 B.R. 256, 260 (Bankr. E.D. Cal. 1993); *In re Evans*, 2002 WL 33939733, 1 (Bankr. D. Idaho 2002).   This determination is committed to the Court's wide discretion. *Pioneer Liquidating Corp. v. United States Trustee (In re Consolidated Pioneer Mortgage Entities)*, 248 B.R. 368, 375 (9th Cir. BAP 2000); *Kimble*, 96 B.R. at 307.  While a debtor's interests are not specifically included in the best interests equation, they must be considered to the extent the debtor's interests coincide with interests of the estate.  *Staff*, 146 B.R. at 261.  In fact, a "[d]ebtor's request [to dismiss its Chapter 11 bankruptcy case] should ordinarily be granted unless some 'plain legal prejudice' will result to the creditors.'"  *Kimble*, 96 B.R. at 907 (*quoting In re Geller*, 74 B.R. 685, 688-89 (Bankr. E.D. Pa. 1987) (*citing In re Hall*, 15 B.R. 913, 915-16 (9th Cir. BAP 1981); *see In re International Airport Inn Partnership*, 517 F.2d 510, 512 (9th Cir. 1975)).

**2.  <u>Dismissal of the Case is in the Best Interest of Creditors, the Estate and the Debtor.</u>**

Here, the Debtor is proposing to pay all creditor's undisputed, liquidated claims in full in connection with dismissal of the bankruptcy case, and dismissal of the case will allow claimants with unliquidated claims to proceed with liquidating their claims against the Debtor pursuant to

11

applicable nonbankruptcy law without running afoul of the automatic stay and without further delay.  Additionally, the Debtor will no longer be required to expend resources and incur costs in connection with administering a chapter 11 case.  The Debtor will defend against the Gindi Trust's unlawful detainer proceeding and claims, and pursue its claims against the Gindi Trust and others, in state court, and the Debtor's adversary proceeding against the Gindi Trust will be dismissed upon the dismissal of the chapter 11 case.

The Debtor is prepared to make distributions and complete the administration of the estate and this case pursuant to the terms of this Motion and the Distribution Chart.  While the Bankruptcy Code does not explicitly address a "structured dismissal," the United States Supreme Court has recognized that such a dismissal is appropriate so long as the distributive provisions of the Order recognize the priorities of distributions demanded by the Bankruptcy Code and as would be required under the provisions of Chapter 11. *See Czyzewski v. Jevic Holding Corp.,* 137 S. Ct. 973 (2017) ("recognizing that conditions may have changed in ways that make a perfect restoration of the status quo difficult or impossible, the Code permits the bankruptcy court, 'for cause,' to alter a Chapter 11 dismissal's ordinary restorative consequences. *See* 11 U.S.C. § 349(b).").  The Debtor submits that its proposed treatment of creditors (payment of their liquidating, undisputed claims in full) fully complies with the "basic system of priority" established by the Bankruptcy Code. *Id.*

Based on the fact that the Debtor is prepared to pay all undisputed liquidated claims in full and/or provide for the payment of such claims as set forth above, the Debtor submits that no further purpose or benefit would be served by remaining in Chapter 11 or certainly not by converting the Chapter 11 case to Chapter 7.  Remaining in bankruptcy would lead to further delay in paying the Debtor's creditors, further delay in the adjudication/resolution of unliquidated claims against the Debtor, as well as significant added expense for the estate.  Relatedly, if the Debtor's case is not dismissed and, instead, converted to Chapter 7, there will likely be additional Chapter 7 administrative expenses for a Chapter 7 trustee and the fees and expenses incurred by his/her professionals.  In consideration of the foregoing, the Debtor

respectfully submits that there is cause for dismissal, and that dismissal is in the best interests of creditors and the estate.

## III.

## CONCLUSION

Based upon all of the foregoing, the Debtor respectfully requests that this Court enter an order:

(1)    granting the Motion;

(2)    affirming the adequacy of the notice given;

(3)    authorizing and directing the Debtor to pay all undisputed liquidated claims against the estate;

(4)    dismissing this bankruptcy case; and

(5)    granting such other and further relief as the Court deems just and proper.

Dated:  May 12, 2026                    CARE FOR THE ELDERLY, INC.

By:    /s/ Krikor J. Meshefejian
    RON BENDER
    MONICA Y. KIM
    KRIKOR J. MESHEFEJIAN
    LEVENE, NEALE, BENDER, YOO
      & GOLUBCHIK L.L.P.
    Attorneys for Debtor and Debtor in Possession

## DECLARATION OF ELLIOT ZEMEL

I, Elliot Zemel, hereby declare as follows:

1.    I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.    I am the authorized representative of Care For The Elderly, Inc., the chapter 11 debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor" or "CFTE").

3.    I have access to the Debtor's books and records and am familiar with the organization, operations and financial activities and condition of the Debtor.

4.    Any records and documents referred to in this declaration constitute writings taken, made, or maintained in the regular or ordinary course of the Debtor's business at or near the time of act, condition or event to which they relate by persons employed by the Debtor who had a business duty to the Debtor to accurately and completely take, make, and maintain such records and documents.  The statements set forth in this declaration are based upon my own review and knowledge of the Debtor's books and records.

5.    I was appointed by the Debtor's Board of Directors in December 2025 to oversee the Debtor's chapter 11 case and to serve as the authorized representative of the Debtor during its chapter 11 case. In that capacity, I was charged with managing and overseeing all aspects of the Debtor's operations, including employee matters, regulatory compliance and all litigation. In the past I have provided legal services to the Debtor through my law practice as needed. I am also the Debtor's shareholder's son-in-law.  I am responsible for all administrative, legal, and regulatory functions including: A/R management, policies and procedures, and governmental and license requirements.  I ensure billing and collection activity is timely in order to meet A/R targets, and I routinely review and address A/R aging and any billing issues.  On the accounts payable side, I verify the accuracy of invoices, approve payments and credits as required, ensure timely and accurate payments, and manage the Debtor's cash management system.  I resolve billing questions in conjunction with the revenue cycle, meet daily/weekly to review performance, mediate employee disputes, and undertake special projects as directed by the

14

Debtor's President. I authorize all capital expenditure needs and major appliance/system purchases, monitor financial reports, and review budgets for each department and flag any overages.

6. The Debtor filed a voluntary petition under chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") on January 11, 2026. The Debtor elected to conduct its case under subchapter V of the Bankruptcy Code as a "small business debtor."

7. The Debtor is primarily engaged in the business of owning and operating a skilled nursing facility known as Grand Park Convalescent Hospital (the "Facility"), located at 2312 West 8th Street, Los Angeles, California (the "Real Property"), which provides 24 hour, 7 days a week and 365 days a year care to all of its resident patients who reside at the Facility.

8. The Debtor does not own the Real Property upon which its Facility is located. The Debtor is a party to a written lease agreement dated November 15, 1994, as amended (the "Facility Lease"), pursuant to which the Debtor leases the Real Property. Rachel Gindi (the "Alleged Lessor"), the purported Trustee of the JRG Trust #219 (which is the named lessor under the Facility Lease) (the "Gindi Trust"), has alleged in her trustee capacity that she is the lessor of the Real Property under the Facility Lease. The Debtor disputes this allegation, and there are a number of disputes pending between the Debtor and the Alleged Lessor regarding the Facility Lease.

9. As of the Petition Date, the Facility, which is licensed by the California Department of Public Health for 151 beds, was fully occupied by residents. The Debtor generates annual revenue of approximately $25 million.

10. The Debtor's Facility is licensed by the California Department of Public Health. The Debtor is 100% owned by Barry Kohn and has been operating the Facility for more than thirty years.

11. The Debtor's primary assets are comprised of the Debtor's leasehold interest in and to the Real Property and the Facility, the Debtor's Medicare Provider Agreement, goodwill associated with its longstanding relationship with the California Department of Public Health and the surrounding Korean community it serves, the Debtor's accounts receivable – a

combination of receivables payable under MediCal, Medicaid, and Medicare and from HMO/insurance and private payors – currently totaling in excess of approximately $3.8 million, the Debtor's claims and causes of action against the Alleged Lessor and related parties for, *inter alia*, interference with Debtor's use, occupancy and quiet enjoyment of the Real Property, and the Debtor's operating cash and fixed assets including furniture and equipment, the values of which fluctuate daily, rapidly and greatly.

12. The Debtor's liabilities are comprised primarily of: (a) secured debt obligations owed to the United States Small Business Administration ("SBA"), in the current approximate amount of $27,000; and (b) unsecured debt obligations owed to the Gindi Trust, various vendors, service providers, and state agencies as of the Petition Date (some of which may be disputed).

13. This bankruptcy filing was required because of the Gindi Trust's efforts to evict the Debtor from the Facility and apparent efforts to take over the Debtor's entire business and assets. The Debtor's concern was that, if successful, the Gindi Trust's actions would amount to a hostile takeover by an unsecured creditor of the Debtor's business operations, assets and cash, displacement of the resident patients, the inability of the Debtor to continue to care for its resident patients, and the inability of the Debtor to pay its debts.

14. At the outset of this case, the Gindi Trust filed a motion for relief from the automatic stay so that it could continue its prosecution of the unlawful detainer action against the Debtor. The Debtor opposed the relief from stay motion, filed an adversary proceeding against the Gindi Trust seeking, among other things, an adjudication of the parties' respective rights to and under the Facility Lease, and sought to persuade this Court that this Court should adjudicate the parties' disputes and determine whether and to what extent the Facility Lease remained intact or had expired/terminated. This Court granted relief from the automatic stay to the Gindi Trust to proceed in the unlawful detainer proceeding to attempt to obtain a judgment of possession. A trial in the unlawful detainer proceeding was originally scheduled for April 13, 2026, but the state court, on its own, has continued the trial to August 2026.

15.     Given these events and the costs associated with operating and administering a chapter 11 case,  the entry of the order granting the Gindi Trust stay relief to attempt to obtain a judgment for possession, and the delay in the state court unlawful detainer trial, the Debtor has determined that it would be in the best interests of the estate and its creditors for the Debtor to pay all undisputed claims in full now and dismiss its bankruptcy case, and address any disputes between the Debtor and the Gindi Trust in the state court proceedings pending between the Debtor and the Gindi Trust.

16.     The Debtor is operating at a profit and has sufficient cash flow to satisfy all of its obligations, as follows:

| **Cash On Hand** | |
| --- | --- |
| Current Available Cash | $3,895,190 |
| Additional cash to be contributed by Barry Kohn | $1,559,081.03 |
| | |
| **Post-Petition Obligations** | |
| UST Quarterly Fees | ($0.00)[3] |
| Projected Subchapter V Trustee Fees and Expenses | ($15,000) (estimated) |
| Projected Unpaid Fees and Expenses of Levene, Neale, Bender, Yoo & Golubchik L.L.P. through June 30, 2026 (Bankruptcy Counsel) | ($250,000) |
| Projected Unpaid Fees and Expenses of Hooper, Lundy & Bookman, P.C. through June 30, 2026 (Special Counsel) | ($400,000) |
| Projected Unpaid Fees and Expenses of OR Capital Group through June 30, 2026 (Financial Advisor) | ($75,000) |
| Projected Unpaid Post-Petition Administrative Expense Claims (not including the above-referenced professionals' fees and expenses) | ($850,000) |
| **Secured Claim of U.S. Small Business Administration** | Total claim amount asserted by the U.S. Small Business Administration equals $26,351.16.The Debtor is |

---

[3] This case is a Subchapter V case and quarterly fees are not required to be paid to the United States Trustee.

| | |
|---|---|
| | current with its monthly debt service payments to the U.S. Small Business Administration and will continue to pay its monthly debt service obligations to the SBA in the ordinary course of business. |
| **Claims of Yehuda Schmukler** | N/A |
| **Pre-petition and Post-petition Rent Due to the Gindi Trust** | $2,180,532.26 |
| **Claims other than the Claims listed above[4]** | The Debtor scheduled claims totaling $3,031,931.00, not including the claims of the Gindi Trust and the U.S. Small Business Administration. The Debtor is in the process of reconciling scheduled claims with filed proofs of claim, as well as updating its own books and records to reflect updated information pertaining to claims scheduled by the Debtor. The Debtor proposes to pay liquidated, undisputed claims in accordance with the Distribution Chart attached as **Exhibit 1** which sets forth a total of $1,683,738.77 of proposed distributions to claimants other than the claimants listed above. |
| **TOTAL DISTRIBUTIONS PROPOSED TO BE MADE (PROJECTED)** | **$5,454,271.03** |

17.     The Debtor proposes to make distributions of cash in accordance with the chart attached as **Exhibit 1** to this Motion (the "Distribution Chart"). Any unliquidated claims against the Debtor may be liquidated by claimants asserting such claims under applicable

---

[4] The Distribution Chart attached as **Exhibit 1** to this Motion lists all claims scheduled by the Debtor and all proofs of claim filed in the Debtor's case, and includes a column titled "Proposed Distribution." A number of claims asserted against the Debtor are unliquidated, to be determined, or estimated by claimants. All such claims will be paid upon liquidation in accordance with applicable nonbankruptcy law.

18

nonbankruptcy law after the dismissal of the bankruptcy case and any claimants asserting any unliquidated or disputed claims against the Debtor will be able to liquidate and/or enforce their claims against the Debtor after dismissal of the case in the ordinary course of business, under applicable state law.

18.   With respect to the Gindi Trust's claims, the Debtor proposes to reserve sufficient funds to pay any and all rent claims allowed in the state court proceedings.   Based on the Debtor's analysis, the Gindi Trust's rent claims are comprised of $880,532.26 of "Base Rent" claims and $1,300,000 of "Additional Rent" claims, for total rent claims of $2,180,532.26.   The Debtor's calculation of "Base Rent" is in accord with the Gindi Trust's calculations set forth in Proof of Claim No. 13 filed by the Gindi Trust.   The Debtor's "Additional Rent" calculation of $1,300,000 is based on the fact that the Debtor made total profit distributions of $2.6 million in 2025, of which 50% is to be paid as "Additional Rent" under the Facility Lease.   Attached as **Exhibit 2** to this Motion is the Debtor's Base Rent and Additional Rent calculation.

19.   The Gindi Trust's Proof of Claim No. 13 appears to provide that the Gindi Trust asserts "Base Rent" and "Additional Rent" claims totaling approximately $3,922,889.78.   To the extent the Debtor and the Gindi Trust are unable to agree on an appropriate amount or reserve, the Debtor requests that the Court's order dismissing this case authorize the Debtor to pay the sum of $2,180,532.26 to the Gindi Trust.   Additionally, the Debtor will continue to make rent payments to the Gindi Trust in accordance with the Facility Lease.

20.   Notably, the Debtor has been attempting to make Base Rent payments to the Gindi Trust and has issued Base Rent payments to the Gindi Trust, but the Gindi Trust has refused to deposit such payments and has returned the payments that the Debtor has made to the Gindi Trust.   The Debtor did not file this bankruptcy case to avoid paying rent to the Gindi Trust, has attempted to pay Base Rent, and is prepared to pay the undisputed portion of the Gindi Trust's rent claims.   Any remaining disputes between the Debtor and the Gindi Trust regarding the Gindi Trust's rent claims will be addressed in the State Court after the dismissal of this bankruptcy case in accordance with applicable state law.

19

21.    Continuing the Chapter 11 process in light of the fact that the state court will adjudicate the unlawful detainer proceeding, but will not do so until August 2026, would only lead to further delay in paying claims as well as added, unnecessary expense for the estate. Additionally, dismissal, as opposed to conversion, is in the best interest of creditors because dismissal will result in the payment (or the provision for payment) in full of all liquidated claims against the estate.

22.    The Debtor is proposing to pay all creditors' undisputed, liquidated claims in full in connection with dismissal of the bankruptcy case, and dismissal of the case will allow claimants with unliquidated claims to proceed with liquidating their claims against the Debtor pursuant to applicable nonbankruptcy law without running afoul of the automatic stay and without further delay.  Additionally, the Debtor will no longer be required to expend resources and incur costs in connection with administering a chapter 11 case.  The Debtor will defend against the Gindi Trust's unlawful detainer proceeding and claims, and pursue its claims against the Gindi Trust and others, in state court, and the Debtor's adversary proceeding against the Gindi Trust will be dismissed upon the dismissal of the chapter 11 case.

///

///

///

///

///

///

///

///

///

///

///

///

///

23.     Based on the fact that the Debtor is prepared to pay all undisputed liquidated claims in full and/or provide for the payment of such claims as set forth above, the Debtor submits that no further purpose or benefit would be served by remaining in Chapter 11 or certainly not by converting the Chapter 11 case to Chapter 7.  Remaining in bankruptcy would lead to further delay in paying the Debtor's creditors, further delay in the adjudication/resolution of unliquidated claims against the Debtor, as well as significant added expense for the estate. Relatedly, if the Debtor's case is not dismissed and, instead, converted to Chapter 7, there will likely be additional Chapter 7 administrative expenses for a Chapter 7 trustee and the fees and expenses incurred by his/her professionals.  In consideration of the foregoing, the Debtor respectfully submits that there is cause for dismissal, and that dismissal is in the best interests of creditors and the estate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on this 12th day of May, 2026.

_____
ELLIOT ZEMEL

21

**EXHIBIT 1**

| Creditor | Claim No. | FILED CLAIM | | | SCHEDULED CLAIM | | | PROPOSED DISTRIBUTION | NOTES |
| | | Secured | Priority | General Unsecured | Schedule "D" Secured | Schedule "E" Priority | Schedule "F" General Unsecured | | |
|---|---|---|---|---|---|---|---|---|---|
| Alan Gindi | | | | | | | $ - | $0.00 | No claim asserted |
| Alyssa Dubin | | | | | | | $ 2,000.00 | $2,000.00 | |
| Artistic Press | | | | | | | $ 671.00 | $671.00 | |
| Athens Services | | | | | | | $ 5,449.00 | $5,449.00 | |
| Audi Financial Services | | | | | | | $ 607.00 | $0.00 | Claim satisfied |
| Barry Kohn | | | | | | | $500,000 | $500,000.00 | |
| Beja Partners | | | | | | | $ - | $0.00 | No claim asserted |
| Besht Wellness | | | | | | | $ 2,500.00 | $2,500.00 | |
| Betsy Timsit, Trustee of the Betsy Timsit 2008 Irrevocable Gift Trust | | | | | | | $ - | $0.00 | No claim asserted |
| Briggs Healthcare | | | | | | | $ 1,746.00 | $1,081.29 | Partially refunded |
| Buchholz, Harris, Levine & Brennan | 5 | | | $ 53,676.44 | | | $ 32,772.00 | $32,772.00 | Additional amounts claimed disputed/unsubstantiated |
| Bug Boss Pest Control Inc. | | | | | | | $ 450.00 | $450.00 | |
| Business Computer Center, Inc | | | | | | | $ 1,838.00 | $1,838.00 | |
| CA Dept of Public Health | | | | | | | $ 214,722.00 | $0.00 | Claim satisfied/Post-petition expense |
| California Dept. of Tax & Fee Admin. | | | | | | | $ 1,235.00 | $0.00 | Claim satisfied/Post-petition expense |
| Carl's Laundry Repair, Inc | 4 | | | $ 528.49 | | | $ 528.00 | $528.49 | |
| Charter Communications | | | | | | | $ 155.00 | $0.00 | Claim satisfied |
| Chem Mark | | | | | | | $ 3,371.00 | $3,371.00 | |
| City of L.A. - Public Works Sanitation | | | | | | | $ 106.00 | $106.00 | |
| CLIA Laboratory Program | | | | | | | $ 248.00 | $0.00 | Claim satisifed |
| Cochran Estates | | | | | | | $ 2,378.00 | $0.00 | Claim satisfied |
| Collicutt Energy | | | | | | | $ 868.00 | $0.00 | Claim satisfied |
| Copier Mart, Inc | | | | | | | $ 610.00 | $610.00 | |
| Cosmed II | | | | | | | $ 391.00 | $391.00 | |
| Culligan of Sylmar | | | | | | | $ 177.00 | $177.00 | |
| Cyvel Tingzon | | | | | | | $ 200.00 | $0.00 | |
| Dairy King Milk Farms | | | | | | | $ 16,325.00 | $16,325.00 | |
| DeCastro Law Group | | | | | | | $ 47.00 | $47.00 | |
| DHS-QA Fees | | | | | | | $ 696,943.00 | $696,943.00 | |

| Creditor | Claim No. | FILED CLAIM | | | SCHEDULED CLAIM | | | PROPOSED DISTRIBUTION | NOTES |
|---|---|---|---|---|---|---|---|---|---|
| | | Secured | Priority | General Unsecured | Schedule "D" Secured | Schedule "E" Priority | Schedule "F" General Unsecured | | |
| Diagnostic Lab | | | | | | | $ 2,535.00 | $2,535.00 | |
| Diagnostic Lab & Radiology | | | | | | | $ 4,799.00 | $4,799.00 | |
| Diagnostic Laboratories | | | | | | | $ 3,183.00 | $3,183.00 | |
| Diagnostic Xray | | | | | | | $ 1,904.00 | $1,904.00 | |
| Diversified Kitchen Solutions | | | | | | | $ 1,608.00 | $407.64 | |
| Driveway Finance Corporation | | | | | | | $ 650.00 | $0.00 | Claim satisfied |
| Efraim Schmukler | | | | | | | $ 19,000.00 | $0.00 | Claim satisfied |
| Elevator Support Services, Inc. | | | | | | | $213.00 | $213.00 | |
| Elie Gindi, Trustee of the Elie Gindi | | | | | | | $0.00 | $0.00 | |
| F&W | | | | | | | $ 200.00 | $200.00 | |
| F&W Foodservices | 9 | | $ 12,764.04 | $ 14,439.64 | | | $ 20,700.00 | $20,700.00 | |
| Flora Mandujano | 15 | | | $ 10,000.00 | | | | $0.00 | Disputed/unsubstantiated |
| Focus One Rehab Service | | | | | | | $794,608.00 | $105,868.00 | Claim amount reconciled/reduced |
| Franchesca Palacios | | | | | | | $50.00 | $0.00 | Claim satisfied |
| Healthcare Menu Direct, LLC | | | | | | | $313.00 | $0.00 | Claim waived/cancelled |
| Home Depot Credit Services | | | | | | | $1,684.00 | $1,684.00 | |
| ICW Group Insurance Companies | | | | | | | $295,415.00 | $42,000.00 | Insurance premium payments |
| IPFS | | | | | | | $117,423.00 | $0.00 | Claim satisfied/Post-petition |
| Internal Revenue Service | 20 | | $ 100.00 | $ 102,135.95 | | | | $7,500.00 | Under review appeal/disputed |
| Janitorial Emporium | | | | | | | $7,092.00 | $7,092.00 | |
| Joseph Gindi | | | | | | | $0.00 | $0.00 | No claim asserted |
| J.P. Morgan Chase Bank | 2 | | | $ 393.00 | | | | $0.00 | Disputed/unsubstantiated |
| JRG Trust #219 | | | | | | | | $2,180,532.26 | |
| Juan Carlos Gonzalez | | | | | | | $400.00 | $0.00 | Claim satisfied |
| K&K Food Supply | | | | | | | $11,487.00 | $11,487.00 | |
| King Medical Supply | | | | | | | $3,041.00 | $3,041.00 | |
| King-Pak Food Services | | | | | | | $7,278.00 | $7,278.00 | |
| LADWP | | | | | | | $197.00 | $197.00 | |
| Land Rover Financial Group | | | | | | | $ 1,293.00 | $0.00 | Claim satisfied |
| LTC Consulting Services | | | | | | | $ 15,770.00 | $5,595.80 | Prorated portion paid as post- |
| MedWaste Management | | | | | | | $1,282.00 | $1,281.75 | |
| Melmed Law Group P.C. (Recinos Settlement) | 18 | | | $ 177,278.77 | | | | $0.00 | Disputed/unsubstantiated |
| NAJ Equipment Rentals | | | | | | | $4,343.00 | $4,343.00 | |
| Nannette Gorre | | | | | | | $100.00 | $0.00 | Claim satisfied |

| Creditor | Claim No. | FILED CLAIM | | | SCHEDULED CLAIM | | | PROPOSED DISTRIBUTION | NOTES |
|---|---|---|---|---|---|---|---|---|---|
| | | Secured | Priority | General Unsecured | Schedule "D" Secured | Schedule "E" Priority | Schedule "F" General Unsecured | | |
| Norma Gutierrez | | | | | | | $100.00 | $0.00 | Claim satisfied |
| Office Point, Inc | 6 | | $ 4,266.52 | $ 5,473.29 | | | $2,754.00 | $5,473.29 | |
| Orange Coast Respiratory Care | | | | | | $ 2,702.00 | | $2,702.00 | |
| Personal Safety Corporation | | | | | | | $1,098.00 | $1,098.00 | |
| Platinum Cleaning of Indianapolis, LLC | 8 | | $ 527.70 | $ 58,030.23 | | | $43,005.00 | $58,557.93 | |
| Pointclick Care | | | | | | | $3,666.00 | $3,666.00 | |
| Pyramid Sound & Security | | | | | | | $135.00 | $0.00 | Claim satisfied |
| Rachel Gindi, As Trustee of the JRG Trust #219 | 13 | | | $3,922,889.78 | | | | See above proposed distribution to JRG Trust #219 | |
| Rainbow Produce, LLC | 12 | | | $ 3,781.58 | | | $2,921.00 | $3,781.58 | |
| ReadyRefresh | | | | | | | $189.00 | $0.00 | Claim satisfied |
| Reyes Coca-Cola Bottling, LLC | | | | | | | $1,005.00 | $1,005.00 | |
| Reynaldo Roque | | | | | | | $100.00 | $0.00 | Claim satisfied |
| Ricardo Recinos, et al. | | | | | | | Unknown | $0.00 | Disputed/unsubstantiated |
| Ricardo Recinos | 14 | | | $ 10,000.00 | | | | $0.00 | Disputed/unsubstantiated |
| Ricardo Recinos as PAGA | 16 | | | $ 7,500.00 | | | | $0.00 | Disputed/unsubstantiated |
| Ricardo Recinos as Class Rep | 17 | | | $ 162,087.55 | | | | $0.00 | Disputed/unsubstantiated |
| Robert J Sherman | | | | | | | $13,163.00 | $13,163.00 | |
| Rodolfo Abuyuan | 3 | | | Unliquidated | | | Unknown | $0.00 | Disputed/unsubstantiated |
| Rosenthal & Rosenthal, Inc. | 10 | | | $ 10,656.67 | | | | $0.00 | Disputed/unsubstantiated |
| Rosenthal & Rosenthal, Inc. | 11 | | | $ 21,406.70 | | | | $0.00 | Disputed/unsubstantiated |
| Schraders Medical Supply, Inc. | | | | | | | $4,178.00 | $4,178.00 | |
| Skilled Nursing Pharmacy | | | | | | $ 99,925.00 | | $99,925.00 | |
| Southwest Fire Safety & Security, LLC | | | | | | | $300.00 | $300.00 | |
| Spectrum | | | | | | | $1,231.00 | $0.00 | Claim satisfied |
| T-Mobile | | | | | | | $160.00 | $0.00 | Claim satisfied |
| The Healthy Team Inc | | | | | | $ 3,840.00 | | $3,840.00 | |
| The Korea Daily | | | | | | | $23.00 | $23.00 | |
| The Korea Times Los Angeles | | | | | | $ 66.00 | | $66.00 | |
| The MD Group, Inc | | | | | | | $9,372.00 | $0.00 | Claim satisfied |
| Tri State Surgical Supply | | | | | | | $3,693.00 | $3,693.00 | |
| Tridentcare (aka Kan Di Ki, Diagnostic Laboratories) | 1 | | | $ 86,685.75 | | | | $0.00 | Disputed/unsubstantiated |
| Trinitee Sims | | | | | | | $50.00 | $0.00 | Claim satisfied |
| TwinMed | | | | | | | $15,000.00 | $0.00 | Order returned/no amount due |
| TwinMed | | | | | | | $685.00 | $0.00 | Order returned/no amount due |
| U.S. Bank, NA | | | | | | $ 1,095.00 | | $0.00 | Claim satisfied |
| U.S. Small Business Administration | 7 | $ 26,351.16 | | | $ 43,951.00 | | | To be paid in ordinary course | |
| Vancouver Specialty & Rehab | | | | | Page 3 of 4 | | $18,370.00 | $18,270.00 | |
| Vilma Pangilinan | | | | | | | $200.00 | $200.00 | |

| Creditor | Claim No. | FILED CLAIM | | | SCHEDULED CLAIM | | | PROPOSED DISTRIBUTION | NOTES |
|---|---|---|---|---|---|---|---|---|---|
| | | Secured | Priority | General Unsecured | Schedule "D" Secured | Schedule "E" Priority | Schedule "F" General Unsecured | | |
| Yehuda Schmukler | 19 | TBD | | TBD | $           - | | | $0.00 | |
| | | | | | | | | | |
| TOTALS | | $    26,351.16 | $  17,658.26 | $4,646,963.84 | $      43,951.00 | $           - | $    3,031,931.00 | $3,897,043.03 | |

**EXHIBIT 2**

| **2025** | **Base Rent** | | **2026** | **Base Rent** |
|---|---|---|---|---|
| 5/1/2025 | $67,422.07 | | 1/1/2026 | $67,422.07 |
| 6/1/2025 | $67,422.07 | | 2/1/2026 | $67,422.07 |
| 7/1/2025 | $67,422.07 | | 3/1/2026 | $68,770.52 |
| 8/1/2025 | $67,422.07 | | 4/1/2026 | $68,770.52 |
| 9/1/2025 | $67,422.07 | | 5/1/2026 | $68,770.52 |
| 10/1/2025 | $67,422.07 | | | |
| 11/1/2025 | $67,422.07 | | | |
| 12/1/2025 | $67,422.07 | | | |
| **TOTAL** | $539,376.56 | | **TOTAL** | $341,155.70 |
| | | | | |
| **TOTAL DUE** | $880,532.26 | | | |

| 2025 Distributions | | |
|---|---|---|
| Distributed | $ | 2,600,000.00 |
| Proposed Return 50% | $ | 1,300,000.00 |
| To be paid to Gindi Trust | $ | 1,300,000.00 |
| **Total owed** | **$** | **2,180,532.26** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **Notice Of Motion And Motion For Entry Of Order: (1) Dismissing This Chapter 11 Case; (2) Authorizing And Directing The Payment Of All Undisputed And Liquidated Claims; And (3) Granting Related Relief; Memorandum Of Points And Authorities; Declaration Of Elliot Zemel In Support Thereof**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 12, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Ron Bender    rb@lnbyg.com
- Leslie A Cohen    leslie@lesliecohenlaw.com,
    jaime@lesliecohenlaw.com;camille@lesliecohenlaw.com
- Gregory Kent Jones (TR)    gjones@sycr.com,
    smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
- Samuel M Kidder    skidder@ktbslaw.com
- Monica Y Kim    myk@lnbyg.com, myk@ecf.inforuptcy.com
- Ron Maroko    ron.maroko@usdoj.gov
- Krikor J Meshefejian    kjm@lnbyg.com
- Robert J Pfister    rpfister@pslawllp.com
- Gary F Torrell    gtorrell@hooperlundy.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Beth Ann R. Young    bry@lnbyg.com, bry@lnbyb.com

**2.    SERVED BY UNITED STATES MAIL**: On **May 12, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ *Service information continued on attached page*

Honorable Barry Russel
United States Bankruptcy Court
Central District of California
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 12, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ *Service information continued on attached page (via overnight mail)*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 12, 2026 | Jason Klassi | /s/ Jason Klassi |
|--------------|--------------|------------------|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                          **F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-2
Case 2:26-bk-10221-BR
Central District of California
Los Angeles
Tue May 12 11:16:34 PDT 2026

Care For The Elderly, Inc.
2312 W 8th Street
Los Angeles, CA 90057-3906

Hooper Lundy & Bookman Inc
1875 Century Park East Ste 1600
Scotts Valley, CA 95067

Levene Neale Bender Yoo & Golubchik
2818 La Cienega Ave
Los Angeles, CA 90034-2618

Rosenthal & Rosenthal, Inc.
300 Park Avenue, Suite 1401
New York, NY 10022-7430

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

ALAN GINDI
10100 Culver Blvd.
Ste. D
Culver City, CA 90232-3174

ALYSSA DUBIN
129 S. Formosa Ave
Los Angeles, CA 90036-2815

ARTISTIC PRESS, INC
3131 W Burbank Blvd
Burbank, CA 91505-2314

AT&T MOBILITY
PO BOX 6416
Carol Stream, IL 60197-6416

ATHENS SERVICES
P.O. BOX 54957
Los Angeles, CA 90054-0957

AUDI FINANCIAL SERVICES
PO BOX 94005
Palatine, IL 60094-4005

BEJA PARTNERS
10100 Culver Blvd.
Culvery City, CA 90232-3175

BETSY TIMSIT, TRUSTEE OF THE BETSY
TIMSIT 2008 IRREVOCABLE GIFT TRUST
511 N. LINDEN DR
Beverly Hills, CA 90210-3221

BRIGGS HEALTHCARE
7887 University Blvd
Clive, IA 50325-1243

BUCHHOLZ, HARRIS, LEVINE & BRENNAN
101 W. Broadway, Ste. 1400
San Diego, Ca 92101-8286

BUG BOSS PEST CONTROL INC
6421 Benson St
Huntington Park, CA 90255-5302

BUSINESS COMPUTER CENTER, INC
910 1/2 South Robertson Blvd
Los Angeles, CA 90035-1602

Barry Kohn
129 S Formosa Ave
Los Angeles, CA 90036-2815

Besht Wellness
955 Carrillo Dr
Los Angeles, CA 90048-5475

CA DEPT OF PUBLIC HEALTH
Revenue Collection Unit
P.O. BOX 997434  MS 3202
Sacramento, CA 95899-7434

CALIFORNIA DEPT OF TAX & FEE ADMIN.
PO BOX 942879
Sacramento, CA 94279-0001

CARL'S LAUNDRY REPAIR, INC
15804 Arminta Street
Van Nuys, CA 91406-1918

CHARTER COMMUNICATIONS
P.O. BOX 60074
City of Industry, CA 91716-0074

CHEM MARK  6450
P.O. BOX 721
Garden Grove, CA 92842-0721

CITY OF L.A.-PUBLIC WORKS SANITATION
2714 Media Center Dr
Los Angeles, CA 90065-1733

CLIA LABORATORY PROGRAM
P.O. BOX 3056
Portland, OR 97208-3056

COCHRAN ESTATES
2351 W. Third St
Los Angeles, CA 90057-1905

COLLICUTT ENERGY
12349 Hawkins Street
Santa Fe Springs, CA 90670-3366

COPIER MART, INC
2201 W. 54th Street
Los Angeles, CA 90043-2607

COSMED II  611012
1221 South Silverbirch Pl
West Covina, CA 91790-5047

CHILLIGAN OF SYMAR
15580 Roxford St
Sylmar, CA 91342-1298

CYVEL TINGZON
716 S. BERENDO ST, APT 202
Los Angeles, CA 90005-1606

DAIRY KING MILK FARMS
5528 Bandini Blvd
Bell, CA 90201-6404

DHS-QA FEES
MS 1101, 1501 Capital Ave. Suite 71.2048
P.O. Box 997415
Sacramento, CA 95899-7415

DIAGNOSTIC LAB
ATTN CASH APPS
P.O. BOX 676210
Dallas, TX 75267-6210

DIAGNOSTIC LAB & RADIOLOGY
ATTN CASH APPS
P.O. BOX 676210
Dallas, TX 75267-6210

(p)TRIDENTCARE
930 RIDGEBROOK RD
SPARKS GLENCOE MD 21152-9390

DIAGNOSTIC XRAY
ATTN CASH APPS
P.O. BOX 676210
Dallas, TX 75267-6210

DIVERSIFIED KITCHEN SOLUTIONS
5642 Schaefer Ave
Chino, CA 91710-9023

DRIVEWAY FINANCE CORPORATION
PO BOX 650997
Dallas, TX 75265-0997

DeCastro Law Group
7590 N. Glenoaks Blvd
Suite 201
Los Angeles, CA 91504-1011

EFRAIM SCHMUKLER
601 N. Citrus St
Los Angeles, CA 90036-2027

ELEVATOR SUPPORT SERVICES, INC
9245 Archibald Ave
Rancho Cucamonga, CA 91730-5207

ELIE GINDI, TRUSTEE OF THE ELIE GINDI
2008 IRREVOCABLE GIFT TRUST
48 PLEASANT PLACE
Deal, NJ 07723-1327

F&W
P.O. Box 3140
North Hollywood, CA 91609-0140

F&W FOODSERVICES
P.O. Box 3140
North Hollywood, CA 91609-0140

FOCUS ONE REHAB SERVICE
9608 Paso Robles Street
Northridge, CA 91325-1964

FRANCHESCA PALACIOS
686 HENNIPEN STREET
Pomona, CA 91768-2635

Flora Mandujano
Attn: Melmed Law Group P.C.
1801 Century Park East, Ste 850
Los Angeles, CA 90067-2346

Franchise Tax Board
Bankruptcy Section MS A340
PO BOX 2952
Sacramento CA 95812-2952

Gregory T. Donilon
STEVENS & LEE, P.C.
919 N. Market Street
Suite 1300
Wilmington, DE 19801-3092

HEALTHCARE MENU DIRECT, LLC
P.O. Box 802
Woodbridge, CA 95258-0802

HOME DEPOT CREDIT SERVICES
DEPT. 32-2154130219
PO BOX 60726
City of Industry, CA 91716-0726

ICW GROUP INSURANCE COMPANIES
PO BOX 31001-3421
Pasadena, CA 91110-3421

IPFS   FINANCING FOR GLPL INSURANCE
P.O. BOX 100391
Pasadena, CA 91189-0391

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

JANITORIAL EMPORIUM
22106 S. Vermont Ave, Ste.105
Torrance, CA 90502-2155

JOSEPH GINDI
320 N. Alta Vista Blvd
Los Angeles, CA 90036-2543

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001-9013

JRG TRUST #219
Attn: Rachel Gindi as Trustee
10100 Culver Blvd., Suite D
Culver City, CA 90232-3174

JUAN CARLOS GONZALEZ
1046 E. 32nd Street
Los Angeles, CA 90011-2506

K&K FOOD SUPPLY
76 Pacific Crest
Irvine, CA 92602-2420

KING MEDICAL SUPPLY
20816 Higgins Court
Torrance, CA 90501-1832

KING-PAK FOOD SERVICES
PO BOX 58307
Veronon, CA 90058-0307

LADWP
PO Box 515407
Los Angeles, CA 90051-6707

LAND ROVER FINANCIAL GROUP
PO BOX 78058
Phoenix, AZ 85062-8058

LTC CONSULTING SERVICES
100 Boulevard of the Americas
Lakewood, NJ 08701-4585

MEDWASTE MANAGEMENT
5850 W. 3rd Street, #331
Los Angeles, CA 90036-2881

Melmed Law Group P.C.
1801 Century Park East, Ste 850
Los Angeles, CA 90067-2346

NAJ Equipment Rentals
15421 E. Gale Ave Unit 90592
City of Industry, CA 91745

NORMA GUTIERREZ
11159 PENN ST
Lynwood, CA 90262-2422

OFFICE POINT,INC
PO Box 331046
Los Angeles, CA 90033-0001

ORANGE COAST RESPIRATORY CARE SERVICES
1090 N. Armando Steet
Anaheim, CA 92806-2605

PERSONAL SAFETY CORPORATION
P.O. BOX 128
Hiawatha, IA 52233-0128

PLATINUM CLEANING OF INDIANAPOLIS, LLC
PO BOX 830883
Philadelphia, PA 19182-0883

POINTCLICK CARE
PO BOX 736092
Chicago, IL 60673-6092

PYRAMID SOUND & SECURITY
410 North Edinburgh Ave
Los Angeles, CA 90048-2308

Platinum Cleaning and Facility Services, LLC
Robert Lapowsky
STEVENS & LEE, P.C.
620 Freedom Business Center, Suite 200
King of Prussia, PA 19406-1330

RACHEL GINDI, AS TRUSTEE OF THE
JRG TRUST #219  Attn: Dan Woods, Es
333 South Hope Street, Suite 2900
Los Angeles, CA 90071-3048

RAINBOW PRODUCE, LLC
P.O. BOX 861545
Los Angeles, CA 90086-1545

READYREFRESH
P.O. BOX 856158
Louisville, KY 40285-6158

REYES COCA-COLA BOTTLING, LLC
1334 Central Ave
Los Angeles, CA 90021-2261

REYNALDO ROQUE
22166 GROVEPARK DRIVE
Santa Clarita, CA 91350-2101

ROBERT J SHERMAN
304 S. Jones Blvd. #1847
Las Vegas, NV 89107-2623

Rachel Gindi, Trustee of the JRG Trust #
Samuel M. Kidder, KTBS Law LLP
1801 Century Park East, 26th Floor
Los Angeles, CA 90067-2302

Rainbow Produce LLC
POB 861546
Los Angeles, CA 90086-1546

Ricardo Recinos
Attn: Melmed Law Group P.C.
1801 Century Park East, Ste 850
Los Angeles, CA 90067-2346

Ricardo Recinos as Class Rep
Attn: Melmed Law Group P.C.
1801 Century Park East, Ste 850
Los Angeles, CA 90067-2346

Ricardo Recinos asPAGA
Attn: Melmed Law Group P.C.
1801 Century Park East, Ste 850
Los Angeles, CA 90067-2346

Rodolfo Abuyuan
c/o Pfister & Saso, LLP
10250 Constellation Blvd. Suite 2300
Los Angeles, CA 90067-6251

SCHRADERS MEDICAL SUPPLY, INC
5507 Brooks Street
Montclair, CA 91763-4547

SKILLED NURSING PHARMACY
16666 E. Johnson Dr, Ste C
City of Industry, CA 91745-2412

SOUTHWEST FIRE SAFETY&SECURITY, LLC
3413 Linda Vista Terrace
Los Angeles, CA 90032-2207

SPECTRUM
PO BOX 60074
City of Industry, CA 91716-0074

(p)JEFFERSON CAPITAL SYSTEM LLC
MAILROOM
200 14TH AVE E
SARTELL MN 56377-4500

THE HEALTHY TEAM INC
2029 Verdugo Blvd., #711
Montrose, CA 91020-1607

THE KOREA DAILY
P.O. BOX 76868
Los Angeles, CA 90076-0868

THE KOREA TIMES LOS ANGELES
3731 Wilshire Blvd., 10th Floor
Los Angeles, CA 90010-2830

TRI STATE SURGICAL SUPPLY
5344 Lindbergh Lane
Bell Gardens, CA 90201-6415

TRINITEE SIMS
1744 W. 41ST DRIVE
Los Angeles, CA 90062-1514

TwinMed
11333 Greenstone Avenue
Santa Fe Springs, CA, CA 90670-4618

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

US SBA-Office of District Counsel
312 N. Spring Street, Floor 5
Los Angeles, CA 90012-4701

US SMALL BUSINESS ADMINISTRATION
14925 Kingsport Rd.
Fort Worth, TX 76155-2243

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

VANCOUVER SPECIALITY&REHAB
1015 N. Garrison Rd
Vancouver, WA 98664-1313

VILMA PANGILINAN
41205  S. HOBART  BLVD
Los Angeles, CA 90062

YEHUDA SCHMUKLER
117 S Las Palmas Ave.
Los Angeles, CA 90004-1049

Gary F Torrell
Hooper, Lundy & Bookman, P.C.
1875 Century Park East, Suite 1600
Los Angeles, CA 90067-2517

Gregory Kent Jones (TR)
Stradling Yocca Carlson & Rauth
10100 N. Santa Monica Blvd., Suite 1400
Los Angeles, CA 90067-4140

Krikor J Meshefejian
Levene, Neale, Bender, Yoo & Golubchik L
2818 La Cienega Avenue
Los Angeles, CA 90034-2618

Monica Y Kim
Levene, Neale, Bender, Yoo & Brill L.L.P
2818 La Cienega Avenue
Los Angeles, CA 90034-2618

Ron Bender
Levene, Neale, Bender, Yoo & Golubchik L
2818 La Cienega Avenue
Los Angeles, CA 90034-2618

Tamar Terzian
Terzian Law Group
1122 E. Green Street
Pasadena, CA 91106-2500

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

DIAGNOSTIC LABORATORIES
ATTN CASH APPS
P.O. BOX 676210
Dallas, TX 75267-6210

T-MOBILE
PO BOX 742596
Cincinnatti, OH 23277-5300

(d)TRIDENTCARE
930 RIDGEBROOK RD
SPARKS GLENCOE, MD 21152

U.S. BANK, NA
PO BOX 790117
St. Louis, MO 63179-0117

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Alan Gindi, individually and in his capaci

(u)Courtesy NEF

(u)OR Capital Group

(u)Rachel Gindi as Trustee of the JRG Trust ï¿½

(d)CARL'S LAUNDRY REPAIR, INC.
15804 ARMINTA ST.
VAN NUYS, CA 91406-1918

(u)NANNETTE GORRE

(d)Rosenthal & Rosenthal, Inc.
300 Park Avenue, Suite 1401
New York, NY 10022-7430

(u)THE MD GROUP, INC
APF/F/B/O/ MDM Nursing Registry, Inc, Pa
PO Box 31001-2434
Pasadena, CA 9110-2434

(u)Rodolfo Abuyuan

(u)Yudi Schmukler

End of Label Matrix
Mailable recipients    114
Bypassed recipients     10
Total                  124

CFTE
Schedule G

| | | |
|---|---|---|
| Boostlingo, LLC<br>98 San Jacinto Blvd. #400<br>Austin, TX 78701 | Canyon Oaks Foot and Ankle<br>6061 N First St., Ste. 103<br>Fresno, CA 93710 | Cochran Estates<br>Attn: Steve Fleishman<br>2341 W. 3rd St #202<br>Los Angeles, CA 90057 |
| Nannette Gorre<br>515 S. St. Andrews Place, Apt. 1<br>Los Angeles, CA  90020 | ESNI Staffing Agency, LLC<br>2300 W. Olympic Blvd., Suite 205<br>Los Angeles, CA 90006 | Genetic Technological<br>Innovations LLC<br>17751 Sky Park E, Suite B<br>Irvine, CA 92614 |
| Gento<br>3415 S. Sepulveda Blvd., Suite 550<br>Los Angeles, CA 90034 | Ghods Inc (dba Besht Wellness)<br>955 Carrillo Dr<br>Los Angeles, CA 90048 | Golden Sunrise Healthcare LLC<br>1985 Meridian St.<br>San Jacinto, CA 92583 |
| | Kidney Center of Los Angeles, LLC<br>One World Trade Center, Suite 2500<br>Long Beach, CA 90831 | NSS Staffing Services, LLC<br>7642 Densmore Ave.<br>Van Nuys, CA 91406 |
| OpenWay Home Care & Staffing<br>Agency, Inc.<br>560 North Arrowhead Ave., Suite B<br>San Bernardino, CA 92401 | Prosperity Staffing LLC<br>1460 TL Townsend Dr., Suite 104<br>Rockwall, TX 75032 | Rama Healthcare Services LLC<br>24248 Crenshaw Blvd., Suite 211<br>Torrance, CA 90505 |
| Skilled Facility Health Care Solutions Inc.<br>12021 Wilshire Blvd. #745<br>Los Angeles, CA 90025 | Star Bright Staffing Service<br>1350 East Acacia Avenue, Suite B<br>Glendale, CA 91205 | Starline Hospice, Inc.<br>3053 W. Olympic Blvd #207<br>Los Angeles, CA 90006 |
| True Vision Staffing Care Inc.<br>2001 Beverly Blvd.,Ste. 206<br>Los Angeles, CA 90057 | United Care Hospital<br>11680 Artesia Blvd. #D<br>Cerritos, CA 90703 | Verdugo Hills, LLC d/b/a U.S.<br>Renal Care Verdugo Hills Dialysis<br>1808 Verdugo Blvd., Suite 200<br>Glendale, CA 91208 |
| Wound MD, PC<br>6150 Parkland Blvd. #335<br>Mayfield Heights, OH 44124 | | |

Service List for Utility Companies

Southern California Edison Company
Attn: Cristina Limon, Agent for Service
2244 Walnut Grove Ave.
Rosemead, CA 91770

Athens Services
Attn: Ron Arakelian, CEO
P.O. Box 60009
City of Industry, CA 91716

Athens Disposal Company, Inc.
14048 E. Valley Blvd.
City of Industry, CA 91716

Athens Disposal Company, Inc.
Cogency Global Inc., Agent for Service
Attn: Erin Haggerty
1325 J St, Suite 1550
Sacramento, CA 95814

L.A. Dept. of Water and Power
PO Box 30808
Los Angeles, CA 90030-0808

L.A. Dept. of Water and Power
Attn: A. Voltaire Lazaro, DCA
LADWP – Legal Division
221 N. Figueroa Street, 10th Floor
Los Angeles, CA 90012

Charter Communications,
Inc./Spectrum
Attn: Legal
400 Washington Boulevard
Stamford, CT 06902

Charter Communications,
Inc./Spectrum
Attn: Koy Saechao
2710 Gateway Oaks Drive
Sacramento, CA 95833

Service list for Financial Institutions

J.P. Morgan Chase National Corporate
Services, Inc.
Attn: Amanda Garcia, Agent for Service
330 N Brand Blvd.
Glendale, CA 91203

J.P. Morgan Chase Bank, N.A.
Attn: Jamie Dimon, CEO
270 Park Avenue
New York, NY 10017